USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-2229 No. 97-1025 WALTER D. JOHNSON, JR., Plaintiff, Appellant, v. MICHAEL MALONEY, ET AL., Defendants, Appellees. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Douglas P. Woodlock, U.S. District Judge] ____________________ Before Torruella, Chief Judge, Stahl and Lynch, Circuit Judges. ____________________ Walter D. Johnson, Jr. on brief pro se. Nancy  Ankers  White, Special Assistant Attorney General, and William D. Saltzman, Department of Correction, on brief for appellees. ____________________ June 5, 1997 ____________________ Per Curiam. While incarcerated at MCI-Norfolk in Massachusetts, plaintiff Walter Johnson suffered severe injuries upon being stabbed by a fellow inmate. He filed the instant S 1983 action against various prison officials, alleging, inter alia, that they had exhibited deliberate indifference to his safety and health in violation of the Eighth Amendment. The district court, after first dismissing the  action  for  want  of  prosecution, then declined to vacate the order  of  dismissal  on  the independent ground that plaintiff had failed to state a claim. See Fed. R. Civ. P. 12(b)(6). Plaintiff has appealed from both of these rulings. We affirm on the latter ground alone. We acknowledge the seriousness of the assault and the severity of plaintiff's injuries; we find no cause here, on legal grounds, for extended discussion. It is undisputed, of course, that "[p]rison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quoting Cortes- Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)  (original citation omitted)). It is likewise clear that prison authorities have a responsibility to attend to the "serious medical needs of prisoners." Estelle v. Gamble, 429 U.S.  97,  104  (1976).   Yet the Eighth Amendment is violated only when a prison official has manifested "'deliberate indifference' to a substantial risk of serious harm" to an -2- inmate's safety or health. Farmer, 511 U.S. at 828. And deliberate indifference requires a showing of "subjective recklessness," id. at 839--i.e., a showing that "the official knows of and disregards an excessive risk to inmate health or safety," id. at 837.  Nothing in plaintiff's amended complaint, even with all reasonable inferences drawn in his favor, would permit such a finding. With respect to the stabbing incident, his factual allegations  provide  no  basis for concluding that the attack was in any way foreseeable or that the named defendants (supervisory  officials all) had any inkling that such an event might occur. Nor, assuming arguendo that the Farmer inquiry does not foreclose the matter, has plaintiff proffered any grounds for imposing supervisory liability on defendants for the  behavior  of a subordinate. See, e.g., Seekamp v. Michaud, 109  F.3d  802, 808 (1st Cir. 1997). Similarly, with respect to his medical treatment, plaintiff has pointed to no circumstances that would permit a finding of deliberate indifference on the part of defendants.  For these reasons, it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which  would  entitle  him  to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted). We have considered plaintiff's  remaining claims and find them equally unavailing. -3- We therefore agree with the district court that dismissal for failure to state a claim was warranted.  Affirmed. -4-